```
            UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                BROWNSVILLE DIVISION

NORMA ALEJANDRA LOPEZ                        )
     PETITIONER, a minor, by and through     )
     Her Mother,                             )
NORMA ALICIA ANAYA DE LOPEZ,                 )
                                             )
v.                                           )     C.A. B-04-089
                                             )
HON. COLIN POWELL,                           )
     United States Secretary of State.       )
            and                              )
UNITED STATES OF AMERICA,                    )
     RESPONDENTS.                            )
                                             )
```

**FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Norma Alejandra Lopez, ("Ms. Lopez"), a minor, through her mother, Norma Alicia Anaya, ("Ms. Anaya"), files her first amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, and in support of same, shows as follows:

### I.   JURISDICTION AND VENUE

1. Jurisdiction over the case at bar is laid under 28 U.S.C. §§2241 (habeas corpus); 1331 (federal question), 1346(a)(2) (actions against officers of the United States, 2201 et seq; (the Declaratory Judgment Act), and 8 U.S.C. §1503 (denial of rights and privileges as United States citizen).

2. Ms. Lopez' application for a United States Passport, which is the subject of the instant action, was made by herself and her mother, Ms. Anaya, at the U.S. Post Office in McAllen, Texas, where Ms. Lopez resides part-time, and was attending school, and which is within the jurisdiction of the Court.

3. On December 6, 1991, Agents of the former Immigration and Naturalization Service, ("INS"), now the Department of Homeland Security, ("DHS"), who were then based in the Rio Grande Valley, prepared a report, captioned "Documented False Claim to Citizenship," concluding that Petitioner was not born in the United

States.  *See,* Petitioner's Exhibit C, incorporated by reference. They also informed the State Department and others of their conclusion that Petitioner's birth in Texas had been falsely registered, causing the denial of the U.S. Passport at issue.

4.  On the basis of Exhibit C, and documents submitted with it, [1] Respondent Powell denied Ms. Lopez' application for a United States passport, [2] thereby imposing significant restraints on her liberty which are not shared by the populace at large.  This constitutes custody, within the meaning of *Jones v. Cunningham,* 371 U.S. 236,240 (1963), for purposes of 28 U.S.C. §2241.

## II.  THE PARTIES

5.  Petitioner Norma Alejandra Lopez is a United States Citizen. She was born in San Juan, Texas on May 18, 1989. [3]  She has been attending school, and residing part-time, in McAllen, Texas.

6.  Respondent Colin Powell is the duly appointed Secretary of State of the United States, and is sued in his official capacity only.  The United States of America is also a named respondent.

## III.  THE FACTS

7.  Norma Alejandra Lopez was born San Juan, Texas, on May 18, 1989.  Her birth assisted by Sylvia Barrera, of San Juan, Texas, who was at that time a licensed midwife.  Her father, Juan Lopez, who was then studying medicine, was also present at the birth.  Her birth was registered the following day, May 19, 1989.  Her parents also registered her in Mexico, on June 26, 1989.

9.  On April 13, 2004, Ms. Lopez and her mother applied for a

---

[1] The entire State Department file on Ms. Lopez is submitted herewith, and incorporated by reference, as Petitioner's Exhibit D.

[2] Petitioner's Exhibit A, herein incorporated by reference.

[3] Petitioner's Exhibit B, herein incorporated by reference.

United States Passport in McAllen, Texas.  By letter dated April 28, 2004, said application was denied, on the grounds that the midwife had given a sworn statement on December 6, 1991 to the effect that she had falsely filed the Texas birth certificate.

10.   This was incorrect.   On December 6, 1991, agents of INS prepared report, captioned "Documented False Claim to Citizenship." However, said report did *not* assert that the midwife had given a sworn statement on that date that she had falsely filed Ms. Lopez' Texas birth certificate.  To the contrary, the report stated that the midwife, Sylvia Barrera, "has refused to cooperate and disclose which of the filings are false."  The report further stated that it was suspected that "most [of the filings] were [false]."

11.   However, other than the fact that Ms. Lopez' birth was registered in both Mexico and Texas, (the earlier registration having been in Texas), the report gave no basis for its conclusion that hers was among those which had been falsely registered.

12.   On receipt of the denial of her daughter's passport application, Ms. Anaya and her sister-in-law, Nelda Flores de Anaya, of McAllen, Texas, went to the home of the midwife to confront her.  The midwife told them that she had gotten into trouble in connection with the sale of a baby who was to be taken to Spain, that the pertinent midwife records had been stolen, and that lacking the birth records, agents of the INS had pressured her into giving a false statement that "all" of an unspecified group of births she had assisted were falsely registered in Texas.  She said that as a result, she had spent time in prison, and had lost her license to act as a midwife.   However, when Ms. Anaya and her sister-in-law returned, asking her to provide this information in writing, she refused.

13.  Petitioner Lopez had been planning a trip abroad, which trip had to be canceled, due to the lack of a passport.  She is also in danger of being stopped at a port of entry, and detained for making

an allegedly false claim to U.S. citizenship.

14. On information and belief, it is alleged that Defendants had no particularized reason to believe that Ms. Lopez' birth had been falsely registered, and that the manner in which her birth came to the attention of Defendants is that once they suspected that the midwife in question had falsely registered a large number of births in Texas, and given that she could not or would not produce birth records, they did a record check in Mexico of all the children she had registered in Texas, and concluded that every such child whose birth was also registered in Mexico either before, or within an arbitrary period after, the Texas registration had been falsely registered in Texas.

15. For cultural and other reasons, including the fact that children born in the United States are not entitled to all the services in Mexico that are available to those born in that country, it is very common along the Texas/Mexican border for parents whose children were born in Texas to also register them in Mexico, as having been born in Mexico, particularly where it is anticipated that the child will be raised in Mexico.

### IV.   CAUSES OF ACTION

A.   The State Department erred in denying Ms. Lopez' application for a United States passport on the grounds that the midwife had allegedly given a sworn statement that her birth had been falsely registered when they had no evidence of any such statement, and in fact, the evidence in their possession was that the midwife had refused to say which of the births she registered was done falsely.

B.   As a matter of law, the mere fact that a child whose birth was registered in Texas was subsequently registered as having been born in Mexico, even where the birth was assisted by a midwife who has been convicted of falsely registering other births in Texas, is an insufficient basis for concluding that the Texas birth was falsely registered, and for denying said child a United States Passport.

C. Where any evidence tending to show that Petitioner had not been born in Texas came to the attention of Respondents/Defendants no later than 1991, and that evidence was provided to various agencies, but no attempt was made to inform Petitioner that her Texas birth was in question, and this fact did not surface until 2004, when Petitioner applied for a U.S. Passport, Respondents are barred by laches from now using said evidence against Petitioner.

## V.   PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Court grant the requested writ, issue a Declaratory Judgment, declaring Petitioner to be a U.S. citizen, and a permanent injunction, restraining and enjoining Respondent Powell, from not issuing the requested passport. It is also requested that the Court require Respondents to pay Petitioner's costs, and reasonable attorneys fees, and grant such other and further relief as the Court considers appropriate.

Respectfully Submitted,

s/ Lisa S. Brodyaga
Attorney at Law
17891 Landrum Park Road            Federal Id:  1178
San Benito, TX 78586               Texas State Bar: 03052800
(956) 421-3226
(956) 421-3423 (fax)

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on Rene Benavides, AUSA, on January 9, 2005.

s/ Lisa S. Brodyaga
_____