UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NORMA ALEJANDRA LOPEZ )
    PETITIONER, a minor, by and through )
    Her Mother, )
NORMA ALICIA ANAYA DE LOPEZ, )
  )
v. )    C.A. B-04-089
  )
CONDOLEZZA RICE, )
    United States Secretary of State. )
        and )
UNITED STATES OF AMERICA, )
    RESPONDENTS. )

EXHIBIT "G" IN SUPPORT OF
PETITIONER'S MOTION TO COMPEL AND/OR DEEM ADMITTED

Norma Lopez, through counsel, herewith submits Exhibit "G," consisting of Plaintiff's Response to Defendants' first set of interrogatories, requests for admission, and for production of documents, which requests were dated August 15, 2005.[1]

Respectfully Submitted,



Lisa S. Brodyaga              (956) 421-3226
Attorney at Law              (956) 421-3423 (fax)
17891 Landrum Park Road     Federal Id:  1178
San Benito, TX 78586        Texas State Bar: 03052800

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class postage prepaid, Rene Benavides, AUSA, 1701 W.Bus 83, #600, McAllen, Texas 78501, on October 3, 2005.

---

[1] To avoid burdening the record, Plaintiff is not presently submitting the documents she provided in response to this request, but only the list of documents, and explanations.

```
              UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                   BROWNSVILLE DIVISION

NORMA ALEJANDRA LOPEZ                    )
     PETITIONER, a minor, by and through )
     Her Mother,                         )
NORMA ALICIA ANAYA DE LOPEZ,             )
                                         )
                                         )
v.                                       )      C.A. B-04-089
                                         )
HON. CONCOLEZZA RICE,                    )
     United States Secretary of State.   )
          and                            )
UNITED STATES OF AMERICA,                )
     RESPONDENTS.                        )
_____)
```

## PETITIONER/PLAINTIFF'S RESPONSE TO DEFENDANT/RESPONDENTS' FIRST SET OF INTERROGATORIES

Norma Alejandra Lopez, ("Petitioner"), through her mother, Norma Alicia Anaya, ("Ms. Anaya"), herewith responds to the twenty-five-plus discrete Interrogatories served on August 15, 2005.

1.  Please provide the name, date of birth, married last name, address and telephone number for each of Norma Alejandra Lopez' parents, siblings, and surviving grandparents.

A.  Father: Dr. Juan Noe Lopez-Soto,
Born: February 27, 1956
Address: 3807 Plantation Blvd., Apt. 104J
         Mission, TX
         (956) 432-8100

B.  Mother: Norma Alicia Anaya-Caballero (de Lopez),
Born: February 7, 1959
Address: 3807 Plantation Blvd., Apt. 104J
         Mission, TX
         (956) 432-8100

C.  Brother: Noe Alejandro Lopez-Anaya,
Born: September 26, 1982
Address: 1811 West Kuhn, Apr. 19
         Edinburg, TX
         (956) 207-7361

D.  Paternal Grandfather: Antonio Lopez-Arzola,
Born: July 3, 1933

```
Address: Ponciano Arriaga No. 255,
         Col. Benito Juarez, Reynosa, Mexico
         (89) 9-23-09-68
```

E.  Paternal Grandmother: Nohemi Soto (de Lopez),
Born: July 31, 1936
```
Address: Ponciano Arriaga No. 255,
         Col. Benito Juarez, Reynosa, Mexico
         (89) 9-23-09-68
```

F.  Maternal Grandmother: Oralia Caballero-Caballero
Born: December 27, 1929
```
Address: Calle 9, #240,
         Col. Las Fuentes, Reynosa, Mexico
```

2.  Please provide a list of the addresses where plaintiff's parents have resided since January 1980, and provide the periods of residence for each address.

From 1980 to 1982:
Calle 3, between Rio Alamo y Purificacion
Col. Prolongacion Longoria, Reynosa, Mexico

From 1982 to 2003
Calle 9, No. 240
Col. Las Fuentes, Reynosa, Mexico

From approx. 1997-2001, her parents also rented an apartment at
  816-II-C Galveston Ave, McAllen, Texas, but their primary
  residence remained in Reynosa, Mexico.

From 2004 to the present
3807 Plantation Blvd., Apt. 104J
Mission, Texas

3. Please provide a detailed description of when and how plaintiff Norma Alejandra Lopez' mother and father learned of the midwife practice of Sylvia Barrera and why they selected this particular midwife to deliver plaintiff.

Ms. Barrera was recommended to Plaintiff's father, a doctor, but he no longer remembers who recommended her. They selected her based on this recommendation, because, at the time, Plaintiff's parents had no idea of the legal problems that Ms. Barrera had experienced, or that she had falsely registered babies in Texas. Had they known this, they would not have used her services.

4. Please provide the precise number and dates of prenatal visits and the details of any examination and conversations during the visits that plaintiff Norma Alejandra Lopez' mother had with midwife Sylvia Barrera.

Plaintiff Norma Alejandra Lopez' parents visited Ms. Barrera once, about one month before her due date. They do not recall the exact date. Ms. Barrera did an examination of Plaintiff's mother, and told her to come when the labor pains began. Plaintiff's mother no longer remembers anything else about the conversation.

5. Please provide the name of the true legal owner of record of the mailing address of Rt. 1, Box 280, 52 C.P., San Juan, Texas, when plaintiff Norma Alejandra Lopez was born on May 19, 1989 [sic].

Plaintiffs have no knowledge of this address.

6. Please provide the precise dates on which plaintiff Norma Alejandra Lopez' mother stayed at 2301 N. Lincoln, San Juan, Texas, while she was pregnant with plaintiff, when plaintiff was born, and immediately after plaintiff's birth.

Plaintiff Norma Alejandra Lopez' mother never "stayed" at that address, if by that one means to have spent at least on night at that address. She was only there twice: briefly when they arranged for her services, about one month before Plaintiff Norma Alejandra Lopez' mother's due date, and again for the better part of the day, on the day of Plaintiff's birth.

7. Please provide the names, addresses and phone numbers of any persons who were aware that plaintiff's mother was present in San Juan, Texas, on the dates listed in the response to Interrogatory No. 5.

Even assuming that this interrogatory refers to No. 6, (rather than No. 5), the answer is "N/A," in that Plaintiff Norma Alejandra Lopez' mother never "stayed" at that address.

Further, if the question is intended to ascertain this information as to the date on which Plaintiff was born, the response would be Nelda Anaya, 608 Kennedy, McAllen, Texas, (956) 630-5823.

8. Please provide details of the events surrounding plaintiff Norma Alejandra Lopez' birth in San Juan, Texas, including but not limited to when her mother's labor pains began, the place where

3

Mrs. Lopez was physically present at the time contractions began, where Mr. Lopez was during this time, the time and means of transportation by which Mrs. Lopez went to the birthing center, how Mrs. Lopez communicated with midwife Sylvia Barrera to know where to go for the delivery, the names, address and phone numbers of those persons who were present at all times at the birthing center before, during and after delivery, how long the labor was prior to delivery, when and how Mrs. Lopez returned to her home in Reynosa, Tamaulipas, Mexico.

A. When Plaintiffs mother's labor pains began: approximately 5:00 a.m., May 18, 1989.

B. The place where Mrs. Lopez was physically present at the time contractions began: She was at her home, at Calle 9, No. 240, Col. Las Fuentes, Reynosa, Mexico.

C. Where Mr. Lopez was during this time: Dr. Lopez was also at their home, at Calle 9, No. 240, Col Las Fuentes, Reynosa, Mexico.

D. The time and means of transportation by which Mrs. Lopez went to the birthing center: Dr. Lopez drove his wife to the birthing center, at about 7:00 a.m., May 18, 1989. They stopped in McAllen to drop Plaintiff's older brother at the home of Plaintiff's aunt, Nelda Anaya, in McAllen, Texas.

E. How Mrs. Lopez communicated with midwife Sylvia Barrera to know where to go for the delivery: Those arrangements had been made during her prior visit with Ms. Barrera. Plaintiff's mother no longer recalls whether they telephoned Ms. Barrera to advise her that they were coming.

F. The names, address and phone numbers of those persons who were present at all times at the birthing center before, during and after delivery: The "birthing center" was a single room, apart from the main house at 2301 N. Lincoln. Besides Ms. Barrera, and Plaintiff's mother, Dr. Lopez, Plaintiff's father, was present during the entire birthing process, in the event intervention by a physician was required. His address, and phone number, are given above. Plaintiff's mother also recalls Ms. Barrera mentioning something about some law enforcement officer coming to check the placenta, but does not recall whether she actually saw that person. Otherwise, she does not recall anyone else being present in the birthing center at any time during her stay there.

G. How long the labor was prior to delivery: labor lasted from about 5:00 a.m. until about 11:00 am, May 18, 1989, when Plaintiff was born.

H. When and how Mrs. Lopez returned to her home in Reynosa,

Tamaulipas, Mexico: Dr. Lopez drove Plaintiff and her mother back to their home in Reynosa the evening of May 18, 1989, stopping on the way to pick up Plaintiff's brother.

9. Please provide details of post-natal care provided to plaintiff Norma Alejandra Lopez and her mother during the first year after birth by any medical doctor, nurse, other medical professional, clinic, hospital, or other medical facility, the names, addresses and telephone numbers of such professional or medical facility, and the dates and purposes of any such care by any such person or facility.

A.   Details of post-natal care provided to plaintiff Norma Alejandra Lopez and her mother during the first year after birth by any medical doctor, nurse, other medical professional, clinic, hospital, or other medical facility: Both pre-natal and post-natal care were provided by Plaintiff's father, Dr. Lopez, and included standard check-ups. The post-natal care of Plaintiff also included vaccinations, administered by the Hidalgo County Health Department.

B. The names, addresses and telephone numbers of such professional or medical facility:

   1.  Dr. Juan Noe Lopez-Soto,
       3807 Plantation Blvd., Apt. 104J
       Mission, TX
       (956) 432-8100
   2.  Hidalgo County Health Department
       300 E. Hackberry
       McAllen, TX
       (956) 682-6155

C.   Dates and purposes of any such care by any such person or facility:  Post-natal care by Plaintiff's father was continuous, since they lived under the same roof, and consisted of standard well-baby and well-mother care.  During her first year, Plaintiff was taken to the Hidalgo County Health Department three times, to wit, July 21, 1989; September 21, 1989, and December 5, 1989, in order to receive childhood vaccinations.  Plaintiff's parents no longer recall any other visits to the Hidalgo County Health Department, or other form of post-natal care.

10.   Please provide details of school attendance in Mexico by plaintiff Norma Alejandra Lopez, including the name, address and telephone number of each school attended and the dates of her attendance at each school.

A.   Details of school attendance in Mexico by plaintiff Norma Alejandra Lopez: Plaintiff Norma Alejandra Lopez only attended school in Mexico from 1996-1997.  She also attended a Montessori pre-kinder and kindergarten program, for approximately 3 years,

5

from about 1993-1996.

B. Name, address and telephone number of each school attended and the dates of her attendance at each school: Plaintiff attended the Instituto Montesori, from approximately 1993-1996, at J.J. Vallejo, No. 1781-4 Coll. Circulo, Reynosa, Tamps, Tel. 920-3800. She also attended the Instituto Colon, from 1996 to 1997, at Canales y Matamoros, Zona Centro, Reynosa, Tamps, Tel. 922-1003. The rest of her schooling has been in the United States.

11. Please list the names, addresses and telephone numbers of all persons with whom plaintiff Norma Alejandra Lopez has resided in the United States since her birth, state the time periods during which she has lived with them, and state their U.S. citizenship or immigration status, as well as their family or blood relationship, if any, to plaintiff Norma Alejandra Lopez.

A. Names, addresses and telephone numbers of all persons with whom plaintiff Norma Alejandra Lopez has resided in the United States since her birth: Plaintiff Norma Alejandra Lopez has resided primarily with her parents since birth. Their names, addresses, and telephone numbers are given above. Plaintiff has also spent time with her aunt, Nelda Anaya, whose address and phone number are also given above.

B. Time periods during which she has lived with them: Plaintiff has only resided exclusively in the United States since 2004, although for about four years, 1997 to 2001, her parents rented an apartment in McAllen, Texas, where they would stay for two or three days at a time, and Plaintiff has stayed off and on with her Aunt, Nelda Anaya, at various times, particularly from 2001 to 2004, when her parents did not have an apartment in Texas.

C. State their U.S. citizenship or immigration status, as well as their family or blood relationship, if any, to plaintiff Norma Alejandra Lopez: Plaintiff's mother is a lawful permanent resident. Her father is a Mexican national, whose application for adjustment of status is still pending, in Harlingen, Texas. Her aunt, Nelda Anaya, is a U.S. Citizen.

Respectfully Submitted,

*Lisa S. Brodyaga*
Lisa S. Brodyaga
Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
September 12, 2005.

(956) 421-3226
(956) 421-3423 (fax)
Federal Id: 1178
Texas State Bar: 03052800

## DECLARATION

I declare, under penalty of perjury, that I have ~~read~~ had The foregoing answers to interrogatories and that they are true and correct. read and translated to me

Date: Sept. 12, 2005

Signed

By: Norma Anaya de Lopez

Date: _____

Signed

By: _____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NORMA ALEJANDRA LOPEZ<br>    PETITIONER, a minor, by and through<br>    Her Mother,<br>NORMA ALICIA ANAYA DE LOPEZ,<br><br>v.<br><br>HON. CONCOLEZZA RICE,<br>    United States Secretary of State.<br>        and<br>UNITED STATES OF AMERICA,<br>    RESPONDENTS. | C.A. B-04-089 |

### PETITIONER/PLAINTIFF'S RESPONSES TO
### FIRST SET OF REQUESTS FOR ADMISSION

Norma Alejandra Lopez, ("Ms. Lopez" or "Petitioner"), through her mother, Norma Alicia Anaya, ("Ms. Anaya"), herewith responds to the First Set of Requests for Admission filed by the Government.

1. Admit that midwife Sylvia Barrera-Sanchez was convicted on January 16, 1991, in the United States District Court, Southern District of Texas, McAllen Division under 18 U.S.C. §§ 371 and 1425(b) for filing fraudulent birth registrations in Texas for children who were born in Mexico.

Denied. Plaintiff admits that midwife Sylvia Barrera-Sanchez was convicted in Case No. M-90-273, on January 16, 1991, in the United States District Court, Southern District of Texas, McAllen Division under 18 U.S.C. §§ 371 and 1425(b) for 1) conspiracy to knowingly and intentionally obtain documentary evidence of citizenship for another person, and 2) unlawfully obtaining documentary evidence of citizenship for another person to which she was not entitled. Said conviction relation only to one person, not "children." The record of conviction therein speaks for itself.

2. Admit that midwife Sylvia Barrera had filed some 150 to 200 births a month during the mid- to late 1980s in the town of San Juan, Hidalgo County, Texas, which then had a population of some 9,000, as reported by the "Houston Chronicle" on February 26, 1991.

Denied as misleading, and beyond the scope of Plaintiff's knowledge. Plaintiff admits that the material provided by the Government indicates that during the years 1982 to 1987, midwife Sylvia Barrera filed some 700 birth registrations in the town of San Juan, Hidalgo County, Texas, but Plaintiff has no knowledge of the population of San Juan, Texas at that time. Plaintiff also admits that the material provided by the Government indicates that after 1987, midwife Sylvia Barrera filed approximately 10 birth registrations in the town of San Juan, Hidalgo County, Texas, including that of Plaintiff. Plaintiff has no knowledge, and no reason to believe that, apart from the one individual involved in the 1991 conviction, any of the birth registrations filed by midwife Sylvia Barrera in the town of San Juan after 1987 have been shown to be fraudulent. Plaintiff also admits that the "Houston Chronicle" published the referenced article on February 26, 1991.

3. Admit that on or about June 26, 1989, plaintiff Norma Alejandra Lopez' parents registered her birth in Reynosa, Tamaulipas, Mexico as born in that city on May 18, 1989.

Denied. Plaintiff admits that on or about June 26, 1989, plaintiff Norma Alejandra Lopez' mother registered her birth in Reynosa, Tamaulipas, Mexico, as born in that city on May 18, 1989.

4. Admit that plaintiff Norma Alejandra Lopez' parents resided in Reynosa, Tamaulipas, Mexico when plaintiff was born in 1989.

Admitted.

5. Admit that plaintiff's mother has no pre-natal and post-natal

2

medical records regarding plaintiff's birth in 1989 that could show that plaintiff's mother was attended by the midwife, Sylvia Barrera, or any licensed medical professional in Texas.

Denied. Although no definition is given for the term "pre-natal and post-natal medical records," Plaintiff asserts that her birth certificate, contemporaneously signed by Sylvia Barrera, is such a record.

6. Admit that plaintiff Norma Alejandra Lopez has no documentary evidence that could support her claim that she was born in San Juan, Texas other than the registration of her birth in Texas by the midwife, Sylvia Barrera, who has been convicted of making false birth registrations in Texas of persons born in Mexico.

Denied. Plaintiff has a great deal of documentary evidence which supports her claim that she was born in San Juan, Texas. Most of such evidence is circumstantial, such as evidence that her father was, at that time, a licensed physician, who attended births in Mexico, that her parents had local crossing cards which enabled them to cross legally into the United States at that time, that her older brother was also born in Texas, etc.. She also has the materials supplied by the Government, which tend to show that after her arrest on October 19, 1987, in Cr. B-87-437, in connection with the false procurement of a Texas birth certificate for one Rolando Gregorio Lopez, Sylvia Barrera filed very few birth registrations, of which only one of which has been shown to be false.

7. Admit that on May 27, 1992, the Texas Department of Health, Bureau of Vital Statistics, notified the Hidalgo County Clerk and the City Clerk of San Juan, Texas that a copy of plaintiff's birth record has been annotated to show that it is contradicted by her Mexican birth record showing that she were [sic] born in Reynosa, Tamaulipas, Mexico, pursuant to Section 191.033 of the Texas Health and Safety Code.

3

Denied. Plaintiff admits that her birth record has been annotated to show that it *may be* contradicted by her Mexican birth record showing birth in Reynosa, Tamaulipas, Mexico. To the extent that the record is annotated to show that it "is contradicted" by her Mexican birth record, such action could not have been taken pursuant to Section 191.033 of the Texas Health and Safety Code, which only authorizes attaching "an addendum that sets out any information received by the state registrar that may contradict the information in a birth, death, or fetal death record required to be maintained in the bureau of vital statistics."

Respectfully Submitted,

*[signature: Lisa S. Brodyaga]*

Lisa S. Brodyaga            (956) 421-3226
Attorney at Law             (956) 421-3423 (fax)
17891 Landrum Park Road     Federal Id:  1178
San Benito, TX 78586        Texas State Bar: 03052800
September 12, 2005

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NORMA ALEJANDRA LOPEZ )
    PETITIONER, a minor, by and through )
    Her Mother, )
NORMA ALICIA ANAYA DE LOPEZ, )
  )
v. )   C.A. B-04-089
  )
HON. CONCOLEZZA RICE, )
    United States Secretary of State. )
          and )
UNITED STATES OF AMERICA, )
    RESPONDENTS. )
  )

**PETITIONER/PLAINTIFF'S RESPONSE TO
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Norma Alejandra Lopez, ("Petitioner"), through her mother, Norma Alicia Anaya, ("Ms. Anaya"), herewith produce the following documents, in accordance with Rule 34, Fed. Rules of Civil Proc..

1. A certified copy of any Mexican birth certificate for Norma Alejandra Lopez, here father and her mother.

Appended hereto are copies of said certified copies. The original certified copies are in the possession of Plaintiff's attorney, and may be examined, and further copies made, on request.

2. (No number 2)

3. All documentary evidence of pre-natal care of plaintiff's mother by Sylvia Barrera and of plaintiff's delivery by Sylvia Barrera.

Plaintiff has no such documents in her possession, custody or control.

4. All documentary evidence of post-natal care, including immunizations, provided to plaintiff Norma Alehandra Lopez during the first year after birth, including all medical records of that care by medical doctors, nurses, midwives, other medical professionals, clinics, hospitals or other medical facilities showing the dates and purposes of such care.

The only documents in Plaintiff's possession, custody or control which are responsive to this request is the Personal Immunization Record, provided by the Hidalgo County Health Dept., on August 29, 2005. The original vaccination record has been lost. Plaintiff has no other such documents in her possession, custody or control.

Appended hereto is a copy of said document. The original is in the possession of Plaintiff's attorney, and may be examined, and further copies made, on request. Also attached, although it is not exactly that which is requested, are copies of the diploma of Plaintiff's father, showing that he was given the degree of "Medico Cirujano" on August 23, 1980. Also attached is evidence that he was attending births in Mexico, at least as early as 1982.

5. All documentary evidence, including bills such as for transportation, rent, medical care, utilities and telephone, as well as income tax statements that plaintiff Norma Alejandra Lopez' mother and/or father were physically present in San Juan, Texas at the time of plaintiff Norma Alejandra Lopez' birth.

Plaintiff has no such documents in her possession, custody or control. Records showing the entry and departure of Plaintiff's parents' car on the day of her birth would be accessible to Defendants, not to Plaintiff.

6. Documentary evidence of plaintiff's parents' places of residence from January 1980 to the present.

Attached are the following:

A. Copies of documents relating to purchase of home at Calle 9, #240, Col. Las Fuentes, Reynosa, Mexico, where her parents resided from 1982 to 2003. Said document shows their address at time of purchase as Calle 3, between Rio Alamo and Purificacion, Col Prolongacion Longoria, also in Reynosa, Mexico.

B. Copies of four rent receipts from the apartment Plaintiff's parents rented at 816 II-C Galveston Ave, McAllen, Texas.[1]

---

[1] Plaintiff no longer has the original receipt, and the book of the landlady is not in her possession, custody, or control. The landlady was, however, kind enough to provide copies of the first and last month's rent receipt, as "bookends" for the time the apartment was rented to Plaintiff's mother.

C. Copies of lease contract and rent receipt, dated July 20, 2004, in their son's name, for the apartment at 3807 Plantation Blvd, in Mission, Texas.

D. A copy of the lease contract in the name of Norma Alicia Anaya de Lopez, dated January 1, 2005, also for the apartment at 3807 Plantation Blvd, in Mission, Texas, and most recent rent receipt for that apartment, dated September 1, 2005.

Appended hereto are copies of said documents. Except for the receipts from the Galveston Ave. apartment, (which are in the possession of the landlady), the originals are in the possession of Plaintiff's attorney, and may be examined, and further copies made, on request.

7. All documentary evidence that plaintiff has attended school in McAllen, Texas.

Attached are copies of most of Plaintiffs' report cards, (a few have been misplaced), diplomas, awards, and a current school ID.

8. All documentary evidence that plaintiff is a resident of McAllen, Texas.

As a minor, the best evidence Plaintiff has that she is a resident of McAllen, Texas are the lease contract in her mother's name, and her school ID.

Respectfully Submitted,

Lisa S. Brodyaga  
Attorney at Law  
17891 Landrum Park Road  
San Benito, TX 78586  
September 12, 2005

(956) 421-3226  
(956) 421-3423 (fax)  
Federal Id: 1178  
Texas State Bar: 03052800