UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**NORMA ALEJANDRA LOPEZ, Petitioner**       )
                                            )
v.                                          )   C.A. No. B-04-089
                                            )
**HON. COLIN POWELL, et al, Respondents.**  )
_____)

**PLAINTIFF'S OPPOSED MOTION TO SUSPEND DISCOVERY AND MOTIONS DEADLINE PENDING RESOLUTION OF THE DISPUTE CREATED BY DEFENDANTS' UNRESPONSIVE DISCOVERY**

Norma Alejandra Lopez, through counsel, respectfully files the instant (presumptively) opposed motion to determine to suspend the deadlines, currently set at November 14, 2005, to complete discovery, and file all motions, until 30 days after the dispute created by Defendants' unresponsive discovery has been resolved. *See,* Plaintiff's Exhibits E, F, and G, incorporated herein.

### I.   BACKGROUND

In the past, similar actions brought by counsel in this District have proceeded smoothly.  It was, until recently, the practice of the Government to depose the parents of an unsuccessful Applicant for a Passport, and if satisfied that the facts alleged were true, and the Applicant was indeed a U.S. citizen, to issue the passport.

Counsel was therefore surprised when, in lieu of arranging a deposition, on or about August 18, 2005, she received Defendants' extensive demand for discovery, including interrogatories with more than 25 discrete elements, eight requests for production of documents, including such irrelevant matters as "[d]ocumentary evidence of plaintiff's parents places of residence from January 1980 to the present," and seven requests for admission, including several requesting that plaintiff admit that she has no documentary evidence of such-and-such an alleged fact.  Counsel called the attorney for the Defendants, and advised him that she considered the requests to be at best, overly burdensome and often irrelevant, as well as a marked departure from the practice of prior cases. Defendant's counsel responded that he was new to the field, and, in essence, requested that he be allowed extra leeway for that reason. Counsel gave him the benefit of the doubt, and complied, to the

best of the ability of her clients and herself, with the requests.

## II. PLAINTIFF'S REQUESTS, AND DEFENDANTS' RESPONSES

However, in order plaintiff being caught flat-footed, should the Government decide to take the case "to the mat," as it were, Plaintiff also served a discovery request on Defendants, including 27 Requests for Admission, mostly formulated in a similar manner to those of the Government, *i.e.,* designed to extract an admission that the Government had no evidence which *contradicted* Plaintiff's version of the facts. Plaintiffs also served one request for production of documents,[1] and one interrogatory, with two discrete subparts.[2] The Government's response can only be characterized as meaningless. The only requests for admission which were admitted, were the date of arrest of Sylvia Barrera, (No. 14), and the first half of the first request, to wit, that the passport application was made in McAllen. The Government could not even bring itself to admit the second clause of that request, to wit, that McAllen was within the Court's jurisdiction.

The great bulk of Plaintiff's requests were met with frivolous objections, mostly to the effect that the question "implied" or "misleadingly suggest[ed]" that the Government had the burden of proof on the ultimate issue of where Plaintiff was born. Some of these objections even contradicted assumptions implicit in Defendants' own requests for admission. *See, e.g.,* Plaintiffs' Exhibit G, incorporated herein, Defendants' requests No. 1 and 2,

---

[1] To wit, "With respect to Petitioner's First Set of Requests for Admission, if any request is not admitted fully and without qualification, please produce any and all documents which support the refusal to admit the request fully and without qualification."

[2] To wit, "With respect to the 'over 700 registrations' between the years of 1983 and 1987, that the "Work Sheet for Oral Report" dated April 25, 1990, and by Employee Yanez, and found in the file Sylvia Barrera, please state the following:

a) To what extent did the Government investigate these "over 700" births, to determine which ones were falsely registered, and
b) What was the result of such investigation, if any."

both of which start: "Request that midwife Sylvia Barrera ..." This presupposes that Sylvia Barrera was a midwife. However, in response to Plaintiff's request that Defendants "[a]dmit that the Government has no evidence tending to show that at the time of Petitioner's birth, Sylvia Barrera was not a duly licensed midwife in the State of Texas," Defendants' objected, on the grounds that:

> [I]t misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States. In addition to this objection, Defendant is currently without sufficient information or belief to admit or deny this request for admission.

This is patently absurd. It may be Plaintiff's burden, but the whole point of requests for admission is to enable a party to limit the facts to be proven at trial.[3] As to the second objection, Defendants must know whether or not they possess such evidence. Further, they failed to comply with F.R.A.P. 36(a), that:

> An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

It is simply not plausible that on reasonable inquiry, Defendants could not ascertain whether or not they possessed such evidence.

The same problem exists with respect to Plaintiff's request No. 3, seeking an admission "at the time of Petitioner's birth, both of her parents had "local crossing cards," (Forms I-186), which allowed them to legally enter the United States for periods of up to 72 hours at a time." Defendants use the same language, about

---

[3] *See, Georgia Jewelers, Inc. v. Bulova Watch Co.*, 302 F.2d 362, 368 (5th Cir.-OLD 1962):

> The very purpose of pretrial depositions, requests for admission, written interrogatories, notice to produce documents, etc. is to obtain evidence not presently available to support a claim or defense asserted in good faith.

the burden of proof, and again assert that they lack sufficient information to admit or deny the request, without the additional statement to the effect that they have made reasonable inquiry. From personal information, the undersigned asserts that this information is contained in a Government database. [4]

Likewise, regarding Plaintiff's request No. 4, that Defendants "[a]dmit that Petitioner's parents have a son, who was determined by the U.S. Bureau of Citizenship and Immigration Services, on April 14, 2005, to have been born in the United States in 1982," Defendants object as to relevance, [5] and claim to have insufficient evidence to answer the question. This is patently false. Plaintiff provided the A-number of Plaintiff's mother, and a copy of her I-94 showing she was admitted as a lawful permanent resident on that date. All Defendants had to do was check her A-file.

The remainder of Plaintiff's discovery requests suffered similar fates. On October 3, 2005, the undersigned called Rene Benavides, AUSA, with respect to the discovery at issue, and to inquire whether he would agree to extend the discovery deadline, while the matter is being resolved. [6] She was informed that he would be in training until October 11, 2005. A message was left, asking that he call, but there is no assurance that this will occur prior to his return. Therefore, Plaintiff is unable at this point to make

---

[4] In response to It should be noted that Plaintiff sued the United States of America, as well as the Department of State, in order to avoid this kind of "shell game."

[5] The fact that Plaintiff's older brother was born in the United States is circumstantial evidence, tending to show that the mother had the ability to cross into the U.S. to give birth, and that she lacked the motive for fraudulently registering her younger child as having been born here.

[6] In a conversation about discovery in this case held on or about September 29, 2005, opposing counsel advised that the responses to Plaintiff's discovery request had been sent out, but gave no hint that said responses consisted almost exclusively of objections, and provided little, if any, new information.

the statement required by FRAP Rule 37(a)(1)(2)(B) before filing a motion to determine the sufficiency of Defendants' answers.

Respectfully Submitted,
s/
Lisa S. Brodyaga
Attorney at Law
17891 Landrum Park Road               Federal Id:  1178
San Benito, TX 78586                  Texas State Bar: 03052800
(956) 421-3226
(956) 421-3423 (fax)

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with proposed Order, and Exhibits E, F, and G, were electronically served on Rene Benavides, AUSA, on October 3, 2005.

s/ Lisa S. Brodyaga
_____