UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
NORMA ALEJANDRA LOPEZ              )
    PETITIONER, a minor, by and through )
    Her Mother,                    )
NORMA ALICIA ANAYA DE LOPEZ,       )
                                   )
v.                                 )   C.A. B-04-089
                                   )
CONDOLEZZA RICE,                   )
    United States Secretary of State. )
              and                  )
UNITED STATES OF AMERICA,          )
    RESPONDENTS.                   )
_____)
```

EXHIBIT "N" IN SUPPORT OF
PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Norma Lopez, through counsel, herewith submits Exhibit "N," to wit, "Defendants' First Supplemental Answers to Plaintiff's Written Discovery."

Respectfully Submitted,


s/
Lisa S. Brodyaga                    (956) 421-3226
Attorney at Law                     (956) 421-3423 (fax)
17891 Landrum Park Road             Federal Id:  1178
San Benito, TX 78586                Texas State Bar: 03052800

CERTIFICATE OF SERVICE

I certify that the foregoing was electronically served on Rene Benavides, AUSA, on March 30, 2006.


s/
_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NORMA ALEJANDRA LOPEZ, | * | |
| Petitioner | * | CIVIL ACTION NO. B-04-89 |
| | * | |
| v. | * | |
| | * | |
| HON. COLIN POWELL, ET AL | * | |
| Respondents | | |

**DEFENDANTS' FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFF'S**
**WRITTEN DISCOVERY**

To:   Lisa Brodyaga
      Attorney at Law
      17891 Landrum Park Road
      San Benito, Texas 78586

COMES NOW, the **HON. COLIN POWELL, ET AL**, by and through Chuck Rosenberg, United States Attorney for the Southern District of Texas, and pursuant to the Federal Rules of Civil Procedure, answers as follows as Supplemental Answers to Plaintiff's Written Discovery.

Respectfully submitted,

CHUCK ROSENBERG
United States Attorney

By: _____
RENE BENAVIDES
Assistant United States Attorney
1701 W. Highway 83 #600
McAllen, TX 78550
956.618.8010
956.618.8016 (fax)
State Bar No. 24025248
Southern District of Texas No. 26215

# DEFENDANTS' FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 1:**

With respect to the "over 700 registrations" between the years of 1983 and 1987, that the "Work Sheet for Oral Report" dated April 25, 1990, and by Employee Yanez, and found in file Sylvia Barrera, please state the following:

    a)    To what extent did the Government investigate these "over 700" births, to determine which ones were falsely registered, and

    b)    What was the result of such investigation, if any.

**ANSWER:**

Defendant objects to this interrogatory as burdensome and overbroad, and notes that Sylvia Barrera's Department of Homeland Security File No. A27 949 041, to which Defendant assumes Plaintiff is referring, contains only a fraction of the birth registrations she made between the years of 1983 and 1987. Subject to this objection, Defendant answers as follows. The Immigration and Naturalization Service (INS) conducted an investigation of a false birth registration allegedly made by Ms. Barrera in 1986. She was indicted and was arrested on October 19, 1987, but the case was dismissed when the witnesses failed to appear. In 1989, the INS Office in Harlingen asked INS officials at the U.S. Consulate in Monterrey, Mexico to see whether there were Mexican birth registrations for a number of children, including plaintiff, whom Ms. Barrera had registered in Texas in 1989. Mexican birth registrations were found for 8, including Plaintiff. INS apparently attempted to contact the parents of the 8 children, but was unable to reach the parents of any of the children except one (not Plaintiff) because the addresses INS had for them were fictitious. INS developed a criminal case against Ms. Barrera with respect to the birth registration of Lisa Marie Cavanna and, on January 16, 1991, she was convicted of violations of 18 U.S.C. 371 (conspiracy to knowingly and intentionally obtain documentary evidence of citizenship for another person) and 18 U.S.C. 1425(b) (unlawfully obtaining documentary evidence of citizenship for another person to which she was not entitled). INS continued to investigate Ms. Barrera's activities and in 1994 developed another case against Ms. Barrera. At that point she indicated that she would like an opportunity to declare all the fraudulent birth certificates she had filed with the city of San Juan, Texas, in return for immunity from prosecution. The Government agreed, but Ms. Barrera stalled and ultimately did not live up to her part of the deal, indicating first that all of her records had been stolen, and later, that her memory was bad and she could not identify the fraudulent registrations without reference to her records.

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

With respect to Petitioner's First Set of Requests for Admission, if any request is not admitted fully and without qualification, please produce any and all documents which support the refusal to admit the request fully and without qualification.

**RESPONSE:**

>Most of the relevant documents are contained in Sylvia Barrera Sanchez's Department of Homeland Security (formerly Immigration and Naturalization Service) file no. A27 948 041. Defendant is not supplying the file, because Plaintiffs' First Set of Interrogatories suggest that Plaintiff already has a copy.
>
>Copies of relevant documents from Plaintiff's DHS file no. A 70 430 843 are enclosed.

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## SECOND SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

With respect to Plaintiffs' First Set of Interrogatories, please produce any and all documents relating to any investigations referenced therein.

**RESPONSE:**

> Most of the relevant documents are contained in Sylvia Barrera Sanchez's Department of Homeland Security (formerly Immigration and Naturalization Service) file no. A27 948 041. Defendant is not supplying the file, because Plaintiffs' First Set of Interrogatories suggest that Plaintiff already has a copy.
>
> Copies of relevant documents from Plaintiff's DHS file no. A 70 430 843 are enclosed.

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Ms. Lopez' application for a United States Passport, which is the subject of the instant action, was made by herself and her mother, Ms. Anaya, at the U. S. Post Office in McAllen, Texas, within the jurisdiction of the Court.

**RESPONSE:**

> Admit that the application was made at the U.S. Post Office in McAllen, Texas. Deny that the place of application has anything to do with the jurisdiction of the Court in this case.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Government has no evidence tending to show that at the time of Petitioner's birth, Sylvia Barrera was not a duly licensed midwife in the State of Texas.

**RESPONSE:**

> Defendant objects to this request for admission, as it misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States. In addition to this objection, Defendant is currently without sufficient information or belief to admit or deny this request for admission.

**REQUEST FOR ADMISSION NO. 3:**

Admit that at the time of Petitioner's birth, both of her parents had "local crossing cards," (Forms I-186), which allowed them to legally enter the United States for periods of up to 72 hours at a time.

**RESPONSE:**

**Supplemented on 2/8/06**

Deny

**REQUEST FOR ADMISSION NO. 4:**

Admit that Petitioner's parents have a son, who was determined by the U.S. Bureau of Citizenship and Immigration Services, on April 14, 2005, to have been born in the United States in 1992.

**RESPONSE:**

>Defendant objects to this request for admission on the ground of relevance. In addition to this objection, Defendant is currently without sufficient information or belief to admit or deny this request for admission.

**REQUEST FOR ADMISSION NO. 5:**

Admit that on April 14, 2005, Petitioner's mother, Norma Anaya de Lopez, A99 244 831, was granted the status of lawful permanent resident of the United States, on the basis of the fact that her son, Petitioner's older brother, is a native born U.S. citizen.

**RESPONSE:**

>Defendant objects to this request for admission on the ground of relevance. In addition to this objection, Defendant is currently without sufficient information or belief to admit or deny this request for admission.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the Government has no evidence tending to show that it is not uncommon for Mexican nationals with documents enabling them to legally enter the United States, who already have at least one child who was born in the United States, to falsely register another child as having been born in the United States.

**RESPONSE:**

>Defendant objects to this request for admission, as it is irrelevant and ambiguous and misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Government has no evidence tending to show that it is not very uncommon for Mexican nationals with a relatively high social and economic status, such as college graduates and

medical students, who have documents enabling them to legally enter the United States, and who already have at least one child who was born in the United States, to falsely register another child as having been born in the United States.

**RESPONSE:**

    Defendant objects to this request for admission, as it is irrelevant and ambiguous and misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the Government has no evidence tending to show that there are any cases in the Southern District of Texas in the past twenty-five years where a Mexican national couple, both of whom were at least high school graduates, who had documents enabling them to legally enter the United States, and who already had at least one child who was born in the United States, falsely registered another child as having been born in the United States.

**RESPONSE:**

    Defendant objects to this request for admission, as it is irrelevant and ambiguous and misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the Government has no evidence tending to show that it is uncommon for Mexican national parents residing in Mexico, who have children born in the United States, but whom they plan to raise in Mexico, to register the children's births in Mexico.

**RESPONSE:**

    Defendant objects to this request for admission, as it is irrelevant and ambiguous and misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States.

**REQUEST FOR ADMISSION NO. 10:**

Admit that as of December 10, 1990, the only information INS had which tended to show that Petitioner had not been born in the United States was the history of the midwife, Sylvia Barrera, and the fact that her birth had subsequently been registered in Mexico.

**RESPONSE:**

> Defendant objects to this request for admission, as it is irrelevant and misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States.

**REQUEST FOR ADMISSION NO. 11:**

Admit that on December 6, 1991, Agents of the Immigration and Naturalization Service ("INS"), now the Department of Homeland Security, ("DHS"), who were then based in the Rio Grande Valley, prepared a report captioned "Documented False Claim to Citizenship," asserting that Petitioner was not born in the United States.

**RESPONSE:**

> Admit, except that the document was a "form," not a "report," and indicated that the registration of Plaintiff's birth by Sylvia Barrera-Sanchez was a false registration.

**REQUEST FOR ADMISSION NO. 12:**

Admit that on December 6, 1991, INS had no evidence to support the assertion that Petitioner was not born in the United States other than the fact that Ms. Barrera was known to have falsely register the births of other children in the United States, and that Petitioner's birth had been registered in Mexico, after having been registered in the United States.

**RESPONSE:**

> Defendant objects to this request for admission, as it misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, apart from her Mexican birth certificate, the Government still has no documentary, testimonial, or other direct evidence that Petitioner was born in Mexico.

**RESPONSE:**

> Defendant objects to this request for admission, as it misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Sylvia Barrera was arrested on October 19, 1987, in Cr. B-87-437, in connection with the false procurement of a Texas birth certificate for one Rolando Gregorio Lopez.

**RESPONSE:**

> Admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the Government has no evidence tending to show that after her arrest on October 19, 1987, Sylvia Barrera registered more than ten babies of Hispanic origin whose births she claimed to have attended in the State of Texas.

**RESPONSE:**

> Defendant objects to this request for admission, as it is irrelevant and misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States. In addition to those objections, Defendant is currently without knowledge or belief sufficient to admit or deny this request for admission.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the Government has no evidence indicating that the reference to "hundreds of people" for whom Sylvia Barrera allegedly helped create false identities, to which the February 26, 1991 article in the Houston Chronicle by Deborah Tedford referred, was derived from any source other

than information provided by INS, and referred to the approximately 700 registrations which INS believed to have been registered by Sylvia Barrera between 1983 and 1987, as indicated in the "work sheet for oral report" by "employee Yanez" dated April 25, 1991, and found in the file of Sylvia Barrera.

**RESPONSE:**

> Defendant objects to this request for admission, as it is ambiguous and misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States. In addition to those objections, Defendant is without knowledge or belief sufficient to admit or deny this request for admission.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the Sylvia Barrera has informed agents of the U.S. Government that her records relating to the babies she has delivered were stolen, and that she is unable to recall which ones were falsely registered as having been born in Texas.

**RESPONSE:**

> Deny. Admit that Sylvia Barrera, after indicating a desire to make a deal to escape prosecution for false birth registrations made before October 30, 1990 in exchange for disclosing them, claimed to INS that her records relating to the babies she delivered were stolen in 1992 and then in 1996, claimed that her memory was not good and she could not identify any record as fraudulent without reference to her records.

**REQUEST FOR ADMISSION NO. 18:**

Admit that of the babies whose births were registered by Sylvia Barrera in the State of Texas after October 19, 1987, only one, registered as Lisa Marie Cavanna, with a date of birth of February 22, 1989, has been shown not to have been born in Texas.

**RESPONSE:**

> Defendant objects to this request for admission because it is ambiguous.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the child known as Lisa Marie Cavanna had first been falsely registered in Mexico as the child of two U.S. citizens who were not, in fact, her parents.

**RESPONSE:**

   Defendant objects to this request for admission on the ground of relevance.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the Government has no evidence indicating that, apart from the one registered as Lisa Marie Cavanna, of the babies whose births were registered by Sylvia Barrera in Texas after October 19, 1987, more than two, Javier Alejandro Salas Alvarez and the Petitioner, were also registered as having been born in Mexico.

**RESPONSE:**

   Defendant objects to this request for admission, as it is ambiguous and misleadingly suggests that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States. Subject to these objections, deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that an investigation was conducted in the case of Javier Alejandro Salas Alvarez, and that his mother informed the investigators that he had been very ill after his birth and that she registered him in Mexico a few days after his birth so that she could receive medical help from the Mexican Social Security system.

**RESPONSE:**

   Defendant is currently without sufficient information or belief to admit or deny this request for admission.

**REQUEST FOR ADMISSION NO. 22:**

Admit that as a result of this investigation, no action was taken to place Javier Alejandro Salas Alvarez on a "watch list," or otherwise challenge his claim to birth in the United States.

**RESPONSE:**

>Defendant is currently without sufficient information or belief to admit or deny this request for admission.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the investigation into the birth of Petitioner consisted solely of determining that her birth had been registered in Mexico, and that the address Sylvia Barrera had given as her mother's mailing address on her birth certificate was incorrect.

**RESPONSE:**

>Defendant objects to this request for admission because it misleadingly suggests that Defendant had an obligation to investigate the circumstances of Plaintiff's birth and that the burden is on Defendant to demonstrate that Plaintiff was not born in the United States, when in fact the burden is on Plaintiff to demonstrate that she was born in the United States. Subject to that objection, Defendant denies that there was an "investigation into the birth of Petitioner," but admits that INS, with the help of the U.S. Consulate in Monterrey, did determine that Plaintiff's birth had been registered in Mexico and that the address given for her mother on the Texas birth registration was incorrect, when INS apparently tried to contact her parents to see if they might cooperate in bringing a prosecution against Ms. Barrera..

**REQUEST FOR ADMISSION NO. 24:**

Admit that during the investigation into Petitioner's birth, or thereafter, no attempt was made to locate her parents in Mexico, even though her Texas birth certificate gave the street address where they allegedly resided in Reynosa, Mexico, and showed that her father was a college graduate, and "Student Dr." and the Officer in Charge of the USINS at the US Consulate in Monterrey, NL, Mexico, requested that the INS officials in Harlingen, Texas contact him if they would like for his office to attempt to locate the parents on the Mexican side and obtain statements from them.

**RESPONSE:**

>Deny.

**REQUEST FOR ADMISSION NO. 25:**

Admit that no attempt was ever made to inform Petitioner's parents that INS suspected that her birth

was falsely registered in Texas, or that her name had been placed on a "watch list."

**RESPONSE:**

>Defendant objects to this request for admission, as it is irrelevant and misleadingly suggests that Defendant was under an obligation to inform Petitioner's parents.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Defendants have no evidence that Petitioner has ever been stopped, detained, or questioned at a port of entry as a result of the fact that her name is allegedly on a "watch list."

**RESPONSE:**

>Defendant objects to this request for admission as overly broad and burdensome. In addition to those objections, Defendant is without sufficient information or belief to admit or deny this request for admission.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the Government has no evidence tending to show that Petitioner's parents were on notice that the Government challenged their claim that she was born in the U.S. before they received the denial of her application for a United States passport.

**RESPONSE:**

>Defendant objects to this request for admission, as it irrelevant and misleadingly suggests that Defendant was under an obligation to put Petitioner's parents "on notice."

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing *DEFENDANTS' FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFF'S WRITTEN DISCOVERY* was sent by United States Certified Mail Return Receipt Requested to the following:

Lisa Brodyaga
Attorney at Law
17891 Landrum Park Road
San Benito, Texas 78586

on this the 9 day of February, 2006.

_____
RENE BENAVIDES
Assistant United States Attorney