IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NORMA ALEJANDRA LOPEZ,      ) | |
|     PETITIONER,      ) | |
| v.      ) | |
|     ) | CIVIL ACTION NO. M-04-089 |
| HON. CONDOLEEZA RICE, UNITED      ) | |
|   STATES SECRETARY OF STATE,      ) | |
| AND THE UNITED STATES      ) | |
| OF AMERICA.      ) | |
| _____) | |

**JOINT PRETRIAL ORDER**

**Preliminary Statement**

Pursuant to the Court's December 7, 2005, Amended Scheduling Order and Appendix B, Local Rules to the United States District Court, Southern District of Texas, the parties submit the Pretrial Order.

On March 30, 2006, Plaintiff filed a Motion for Summary Judgment, [Dkt. 35], to which Defendants never responded.  The sole factual issue is whether Plaintiff was born in San Juan, Texas, as alleged. With the Court's permission, the parties reserve the opportunity to amend this joint pretrial order in accordance with any decision the Court may issue on said Motion for Summary Judgment.

**1.   APPEARANCE OF COUNSEL**

Petitioner's counsel:        Lisa S. Brodyaga
                             Refugio Del Rio Grande
                             17891 Landrum Park Rd.
                             San Benito, TX  78586
                             Tel:  (956) 421-3226
                             Fax: (956) 421-3423
                             Texas Bar No. 03052800
                             Federal ID No. 1178

```
Respondents' counsel:        Rene Benavides,
                             Assistant U.S. Attorney
                             1701 W. Bus. 83, #600
                             McAllen, TX 78550
                             Tel: (956) 618-8010
                             Fax: (956) 618-8016
                             State Bar No. 24025248
                             Federal ID No. 26215
```

**2.   STATEMENT OF THE CASE**

On May 28, 2004, Norma Alejandra Lopez, a minor, through her mother, Norma Alicia Anaya de Lopez, filed a petition for writ of habeas corpus and Complaint for Declaratory and Injunctive Relief. [Dkt. 1]. On February 14, 2005, she filed her First Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. (Dkt. 14). In her amended petition and complaint, Plaintiff asserts she was improperly denied a United States passport because Defendants relied on an erroneous statement by the Immigration and Naturalization Service that the midwife who delivered her had given a sworn statement admitting that her birth had been falsely registered, when they had no evidence of any such statement, and in fact, the evidence in their possession was that the midwife had refused to say which of the births she registered was done falsely. Extensive discovery has confirmed that there is no evidence that any such sworn statement ever existed. It has also shown that there is both substantial direct and circumstantial evidence that Plaintiff was indeed born in Texas, as claimed.

Defendants contend that the fact that Plaintiff's birth was registered in Mexico, albeit after her birth had been registered in

Texas, and the fact that the midwife in question was subsequently convicted of false registration of births in Texas, is a sufficient basis to deny Plaintiff's application for a passport.

**3.   JURISDICTION**

This Court has jurisdiction over Petitioner's complaint for injunctive and declaratory relief is claimed under 8 U.S.C. §1503. (denial of rights and privileges as United States citizen).

**4.   PENDING MOTIONS**

**Docket #35** – Petitioner's Motion for Summary Judgment

**5.   CONTENTIONS OF THE PARTIES**

Plaintiff contends that, as set forth in her Motion for Summary Judgment, there is no genuine issue of material fact with respect to her birth in the United States.  No Court has ever held that a validly issued Texas birth certificate is "nullified" by the fact that there is a later filed contradictory certificate from Mexico. It is very common along the border for Mexican parents of U.S. born children to also register their births in Mexico, particularly if the children are going to be raised in Mexico.  Plaintiff's mother immigrated to the United States on the basis of an immigrant visa petition filed on her behalf by Plaintiff's older brother, Noe Alejandro Lopez, who was born in Brownsville, Texas, with the aid of a different midwife.  At the time of Plaintiff's birth, both of her parents had local crossing cards, Form I-186, which permitted them to lawfully enter the United States for periods of up to 72

hours at a time, and they had no motive for falsely registering a child as having been born here.

Defendants contend the validity of plaintiff's Texas birth certificate has been nullified. The midwife who registered the plaintiff's birth in Texas was convicted of multiple false registrations. Plaintiff has a Mexican birth certificate showing she was born in Mexico on May 18, 1989. In view of the fact that plaintiff's Texas birth certificate has been nullified, plaintiff's contemporaneous Mexican birth certificate is almost conclusive of the fact of her birth in Mexico. Moreover, the Mexican birth certificate creates a presumption that plaintiff is an alien.

**6.   ADMISSIONS OF FACT**

The following facts are undisputed:

1) The midwife in question, Sylvia Barrera-Sanchez was convicted in Case No. M-90-273, on January 16, 1991, in the United States District Court, Southern District of Texas, McAllen Division under 18 U.S.C. §§ 371 and 1425(b) for 1) conspiracy to knowingly and intentionally obtain documentary evidence of citizenship for another person, and 2) unlawfully obtaining documentary evidence of citizenship for another person to which she was not entitled.

2) Plaintiff's birth was registered both in Texas, and in Mexico, although the Texas registration preceded that in Mexico.

3) Plaintiff's older brother, Noe Alejandro Lopez, was born in Brownsville, Texas, with the aid of a different midwife, and was also registered both in Texas, and thereafter, in Mexico.

4) At the time of Plaintiff's birth, her father was a licensed physician in Mexico.

5) At the time of Plaintiffs's birth, Sylvia Barrera, the midwife in question, was still licensed to attend births in Texas, and

6) To date, no evidence has been located that the alleged sworn statement from the midwife that Plaintiff's birth had been falsely registered ever existed.

The parties request the Court to permit them to amend this pretrial order, if necessary, following the Court's ruling on Plaintiff's motion for summary judgment.

**7. CONTESTED ISSUES OF FACT**

The sole contested issue of fact is the ultimate issue herein: whether Plaintiff was born in San Juan, Texas, as she alleges.

**8. AGREED PROPOSITIONS OF LAW**

Other than jurisdiction, there are no agreed propositions of law.

**9. CONTESTED PROPOSITIONS OF LAW**

The sole contested proposition of law is whether a validly issued Texas birth certificate is "nullified" by the later filing of a contradictory birth certificate in Mexico.

**10. EXHIBITS**

(a) Plaintiff's Exhibit List is attached.
(b) Defendants' Exhibit List is attached.

**11. WITNESSES**

**Plaintiff's Witness List:**

Plaintiff intends to call the following witnesses:

1) Plaintiff's mother, Norma Alicia Anaya de Lopez, who will testify as to the facts of her birth, and the birth of Plaintiff's older brother, Noe Alejandro Lopez;

2) Plaintiff's father, Dr. Juan Noe Lopez, who will also testify as to the facts of her birth, and the birth of Plaintiff's older brother, Noe Alejandro Lopez;

3) Nelda Alicia Anaya, Plaintiff's aunt, who will testify that early on the morning of Plaintiff's birth, she was residing in McAllen, Texas, and that Plaintiff's parents stopped on the way to the midwife to leave Plaintiff's older brother with her, and they stopped again, the afternoon of Plaintiff's birth, to pick him up, and that she saw Plaintiff when she was only a few hours old. She will also testify to the events when Plaintiff's mother confronted the midwife, after Plaintiff's passport application was denied, and
4) Joe Rivera, County Clerk, who will testify that it is not uncommon for the Mexican parents of babies born in Texas to register their children as having been born in Mexico, particularly where it is anticipated that the children will be raised in Mexico.

**Defendants' Witness List:**

Defendants do not plan to call any witnesses.

**12. SETTLEMENT**

The parties have held settlement discussions, but have not yet reached an agreement. Unless the Court should grant Plaintiff's Motion for Summary Judgment, the case may have to be tried.

**13. TRIAL**

The parties believe the trial will take about one day.

**14. ATTACHMENTS**

(a) Plaintiff's proposed findings of fact and conclusions of law are attached.

(b) Defendants' proposed findings of fact and conclusions of law are attached.

Read and Approved:

_____          _____
DATE                                        FELIX RECIO
                                  UNITED STATES MAGISTRATE JUDGE
                                     SOUTHERN DISTRICT OF TEXAS
                                        BROWNSVILLE DIVISION

Approved:

                                  s/
                                  _____
                                  Lisa S. Brodyaga
                                  Attorney-in-Charge, Plaintiffs


                                  MICHAEL T. SHELBY
                                  United States Attorney
                                  Southern District of Texas


                                  s/
                                  _____
                                  RENE BENAVIDES,
                                  Assistant U.S. Attorney
                                  Attorney-in-Charge, Defendants